[Cite as *Doe v. State Med. Bd. of Ohio*, 2024-Ohio-5615.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John Doe, | : | |
| Appellant-Appellant, | : | No. 24AP-226 |
| v. | : | (C.P.C. No. 24CV-1220) |
| State Medical Board of Ohio et al., | : | (ACCELERATED CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on November 26, 2024

**On brief:** *Vorys, Sater, Seymour and Pease LLP, James A. Wilson*, and *Karey E. Werner*, for appellant. **Argued:** *James A. Wilson.*

**On brief:** *Dave Yost*, Attorney General, and *Katherine J. Bockbrader*, for appellee State Medical Board of Ohio. **Argued:** *Katherine J. Bockbrader.*

**On brief:** *Zukerman, Lear & Murray Co., L.P.A., Larry W. Zukerman, S. Michael Lear*, and *Adam M. Brown*, for appellee Jan Kriwinsky, M.D. **Argued:** *S. Michael Lear.*

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Appellant, John Doe, seeks review of an order of the Franklin County Court of Common Pleas dismissing his appeal from a decision of the State Medical Board of Ohio ("state medical board" or "board") that denied the state's motion to quash a subpoena. If obligated to comply with that subpoena, appellant would be required to testify at the request of appellee, Jan Kriwinsky, M.D., appellant's alleged assailant.

## I. Facts and Procedural History

On November 14, 2023, appellant, then 15 years old, attended a medical appointment in

which he was allegedly sexually assaulted by his doctor, Kriwinsky. The state medical board suspended Kriwinsky's medical license on November 22, 2023, after concluding his continued practice would present "a danger of immediate and serious harm to the public." (Joint Stip. of the Parties, Ex. 1 at 3.) On December 19, 2023, Kriwinsky requested a hearing with the board to contest the suspension of his medical license. On December 29, 2023, the Cuyahoga County Court of Common Pleas indicted Kriwinsky on charges of rape, sexual battery, and gross sexual imposition of appellant, as well as one charge of gross sexual imposition of another minor patient. Those charges are pending.

{¶ 2} At the time of briefing, Kriwinsky's hearing before the state medical board was scheduled for July of 2024. On January 19, 2024, Kriwinsky sought the issuance of numerous subpoenas for this hearing, including one requesting the testimony of appellant. On January 24, 2024, the state moved to quash the subpoena for appellant and specifically informed the board's hearing examiner that appellant was a victim of Kriwinsky's alleged crimes. On February 1, 2024, the hearing examiner denied the motion to quash without addressing appellant's constitutional or statutory rights as a victim. On February 12, 2024, appellant appealed the hearing examiner's denial of the motion to quash to the trial court.

{¶ 3} Appellant and the board agreed that the trial court had jurisdiction to hear the appeal pursuant to R.C. 2930.19(A)(1). On April 1, 2024, however, the trial court dismissed appellant's appeal without considering R.C. 2930.19(A)(1). Instead, the trial court determined it lacked jurisdiction under R.C. 119.12.

{¶ 4} Appellant timely appealed. On April 15, 2024, Kriwinsky filed a motion to dismiss the present appeal.

## II. Assignments of Error

{¶ 5} Appellant assigns the following two errors for our review:

> [I.] The Court of Common Pleas erroneously dismissed the administrative appeal from the State Medical Board of Ohio without considering whether jurisdiction to hear the appeal existed under R.C. 2930.19(A)(1) and Article I, Section 10a of the Ohio Constitution.

> [II.] The Court of Common Pleas incorrectly determined that R.C. 119.12 did not give it jurisdiction to hear [John Doe's] appeal from the determination of the State Medical Board of Ohio that he was subject to compulsory process at the request of his assailant.

### III. Analysis

{¶ 6}   In his first assignment of error, appellant contends the trial court erred in failing to consider whether it had jurisdiction over his appeal pursuant to R.C. 2930.19(A)(1).  That statute reads:

> A victim, victim's representative, or victim's attorney, if applicable, or the prosecutor, on request of the victim, has standing as a matter of right to assert, or to challenge an order denying, the rights of the victim provided by law in any judicial or administrative proceeding. The trial court shall act promptly on a request to enforce, or on a challenge of an order denying, the rights of the victim. In any case, the trial court shall hear the matter within ten days of the assertion of the victim's rights. The reasons for any decision denying relief under this section shall be clearly stated on the record or in a judgment entry.

R.C. 2930.19(A)(1).

{¶ 7}   "Whether a party has established standing to bring an action before the court is a question of law, which we review de novo." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 20, citing *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶ 23.  Standing may be conferred by statute.  *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75 (1986).  We now review de novo whether R.C. 2930.19(A)(1) conferred standing upon appellant to bring this appeal to the trial court.

{¶ 8}   Appellant claims he had the right as a crime victim to disregard Kriwinsky's subpoena.  No party contests appellant was considered a victim in the board's proceedings, and the Marsy's Law provisions in the Ohio Constitution provide victims the right "to refuse an interview, deposition, or other discovery request made by the accused."  Ohio Constitution, Article I, Section 10a; *see State v. Boyle*, 8th Dist. No. 113045, 2023-Ohio-3161, ¶ 11.  Appellant thus challenged the hearing examiner's denial of the motion to quash as a violation of his constitutional rights as a victim.  That case posture is sufficient to grant appellant "standing as a matter of right" in the trial court.  R.C. 2930.19(A)(1).  The trial court, therefore, had jurisdiction to adjudicate appellant's appeal.  Accordingly, it was error for the trial court to neglect appellant's standing pursuant to R.C. 2930.19(A)(1).  We sustain appellant's first assignment of error.

{¶ 9}   In his second assignment of error, appellant asserts the trial court erred in determining it lacked jurisdiction under R.C. 119.12.  This point is moot, however, because regardless of R.C. 119.12, appellant had "standing as a matter of right" under

R.C. 2930.19(A)(1) to file an appeal with the trial court. R.C. 2930.19(A)(1). Accordingly, we overrule appellant's second assignment of error as moot.

{¶ 10} Lastly, we turn to Kriwinsky's motion to dismiss. He first contends appellant's appeal was untimely because R.C. 2930.19(A)(2)(a)(ii) requires an "interlocutory appeal or extraordinary writ" sought from the trial court "while the case is still pending in the trial court" to be "initiated no later than fourteen days after notice of the decision was provided to the victim." R.C. 2930.19(A)(2)(a)(ii). The present appeal, however, was neither interlocutory nor an extraordinary writ because appellant sought review of a final order of the trial court. As a result, appellant was not required to comport with the filing deadline referenced in R.C. 2930.19(A)(2)(a)(ii). Next, Kriwinsky's motion to dismiss argues appellant lacks standing before this court because he was not a party to the administrative proceedings, and there was no adjudication by the state medical board because a hearing examiner, rather than the highest administrative authority, issued the decision. These concerns might arise in a debate over a R.C. 119.12 appeal, but here, appellant independently established standing before the trial court under R.C. 2930.19(A)(1). R.C. 2930.19(A)(1) does not contain the same party and adjudication prerequisites to standing as R.C. 119.12. Accordingly, we deny Kriwinsky's motion to dismiss.

## IV. Conclusion

{¶ 11} Having denied Kriwinsky's motion to dismiss, sustained appellant's first assignment of error, and overruled appellant's second assignment of error as moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand the case for further proceedings consistent with this decision.

*Motion to dismiss denied*;
*judgment reversed*;
*cause remanded.*

LUPER SCHUSTER and BOGGS, JJ., concur.